UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                    :
In re:                              :     Civil Action No. 09-1337 (JAP)
                                    :     Bankr. Case No. 03-51524
                                    :
CONGOLEUM CORPORATION, *et. al.*,   :
                                    :     **OPINION**
       Debtors and Debtors-in-Possession. :
_____ :

PISANO, District Judge:

Presently before the Court is a motion to amend this Court's August 17, 2009 Order to include certification for interlocutory review pursuant to 28 U.S.C. § 1292(b), Federal Rule of Appellate Procedure 5(a)(3), and Federal Rules of Bankruptcy Procedure 8011 and 9023, and for a stay of the bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 8017(b) and Federal Rule of Appellate Procedure 8(a)(1) filed by First State Insurance Company, Twin City Fire Insurance Company ("First State"), and joined by other insurers (collectively the "Insurers").[1]  For the reasons stated below, First State's motion to amend this Court's August 17, 2009 Order and for a stay of bankruptcy proceedings pending appeal is denied.

**I.    Background**

The Plan Proponents[2] filed the Twelfth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Twelfth Amended Plan" or the "Plan") in November

---

[1] The motion is joined by Insurance Company of Wausau, Old Republic Insurance Company, Employers Mutual Casualty Company, Munich Reinsurance America, Inc., One Beacon America Insurance Company, Seaton Insurance Company, Stonewall Insurance Company, Transport Insurance Company, American Centennial Insurance Company, New Jersey Property-Liability Insurance Guaranty Association, New Jersey Surplus Lines Insurance Guaranty Fund, Westport Insurance Corporation, TIG Insurance Company, Continental Casualty Company, Continental Insurance Company, Colonia Insurance Company, United Reinsurance Corporation of New York, Navigators Insurance Company, and certain London Market Insurance Companies.

[2] "Plan Proponents" shall be used to refer to the following parties: Congoleum Corp., Congoleum Sales, Inc., Congoleum Fiscal, Inc. (collectively, "Company," "Congoleum" or "Debtors"), the Asbestos Claimants' Committee (the official committee of asbestos claimants appointed in the Debtors' bankruptcy cases), and the Bondholders' Committee (the official committee of bondholders appointed in the Debtors' bankruptcy cases).

1

2008.[3]  The Insurers and disfavored asbestos claimants objected to confirmation of the Plan.  The Bankruptcy Court held confirmation hearings in December 2008, at which time Judge Ferguson warned the Plan Proponents that she would dismiss or covert the case if summary judgment was granted on an issue that precluded confirmation.

On February 27, 2009, the Bankruptcy Court granted the Insurers' motion for summary judgment denying confirmation of the plan on the grounds that 1) the Twelfth Amended Plan failed to expressly contemplate judicial review of the $2 million in "facilitation fees" paid to Weitz and Rice; and 2) the Twelfth Amended Plan treated similarly situated creditors, the asbestos claimants, unequally by virtue of the pre-petition payments to claimants Arseneault, Cook, and Comstock.  Plan Proponents appealed both the Confirmation and Dismissal Orders to this Court on March 25, 2009.  The appeals were consolidated on April 21, 2009.[4]

In an Opinion and Order dated August 17, 2009, this Court affirmed in part and denied in part the Bankruptcy Court's Order dismissing the Twelfth Amended Plan, and reversed and vacated the Bankruptcy Court's dismissal of the Debtor's bankruptcy cases.  The Court held that the "facilitation payments" made to Weitz and Rice were subject to court approval under § 1129(a)(4) of the Bankruptcy Code, that the treatment of the pre-petition payments to Arseneault, Cook, and Comstock contained in the Twelfth Amended Plan were not an impediment to confirmation, and that Congoleum's creditors would be best served by reversing the Bankruptcy Court's dismissal of the bankruptcy cases.  It is this Court's decision regarding the pre-petition payments to Arseneault, Cook, and Comstock that the Insurers seek leave to appeal.

---

[3]  The facts and procedural history of this protracted bankruptcy litigation are set forth in the Court's Opinion of August 17, 2009, affirming in part and denying in part the Bankruptcy Court's Order dismissing the Twelfth Amended Plan, and reversing and vacating the Bankruptcy Court's dismissal of the Debtor's bankruptcy cases.  Therefore, we shall only reiterate the facts relevant to the resolution of the present motion.

[4]  Docket Number 09-1337 (JAP).

## II. Discussion

### A. Certification for Immediate Interlocutory Appeal.[5]

The Insurers have asked the Court to amend its August 17, 2009 Order by certifying the Order for immediate interlocutory appeal. A district court may, in its discretion, permit an interlocutory appeal when the order at issue "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three elements must be present before an order will be certified for interlocutory review. *Ahrenholz v. Bd. of Tr. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000).

The Insurers have failed to establish that certification is appropriate. First, the August 17, 2009 decision regarding the pre-petition payments to Arsenault, Cook, and Comstock did not involve "a controlling question of law." This Court determined that, as a factual matter, the equality of distribution principles enunciated in *In re: Combustion Engineering*, 391 F.3d 190 (3d Cir. 2004), are not implicated by the pre-petition payments made to Arsenault, Cook, and Comstock because they are not current creditors of the bankruptcy estate. Second, the Insurers' disagreement with this Court's ruling does not present a "substantial ground for difference of opinion" such that an interlocutory appeal is warranted. *First Am. Corp. v. Al-Nahyan*, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal."). Third, an immediate appeal from the Order would not "materially advance the ultimate termination of the litigation." The

---

[5] The Insurers have filed a direct appeal in the United States Court of Appeals for the Third Circuit and argue that this Court's August 17, 2009 decision is appealable as of right pursuant to 28 U.S.C. § 1291. The Court leaves that issue for the Third Circuit to decide.

parties have argued that there may be other plan provisions which will be subject to review, and the Court concludes that piecemeal litigation with potential multiple appeals will further complicate this already protracted action.

### B.  Stay of Proceedings Pursuant to Bankruptcy Rule 8017.

The Insurers have also asked this Court to stay the bankruptcy case pending resolution of their appeal.  Application for an interlocutory appeal "shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  28 U.S.C. § 1292(b).  The decision to issue a stay is within the district court's discretion.  *Id.*  Even if the Insurers are correct and this Court's decision regarding the pre-petition payments to Arsenault, Cook, and Comstock is appealable as of right, it is still but one issue in a complicated case.  Generally, when an interlocutory appeal is taken, the case "is to proceed in the lower court as though no such appeal had been taken."  *Ex parte Nat'l Enameling & Stamping Co*,. 201 U.S. 156, 162 (1906); *U.S. v. City of Chicago*, 534 F.2d 708, 711 (7th Cir. 1976) ("[a]n appeal from an interlocutory order does not divest the trial court of jurisdiction to continue deciding other issues involved in the case.").  Given the complexity of the case and the resources already invested by all parties, it is the Court's opinion that a stay of the proceedings is not appropriate.

### III.  Conclusion

This Court withdrew the reference from the Bankruptcy Court in its August 17, 2009 Order in "the interests of judicial economy and to avoid potential repetitive appeals and piecemeal litigation."  Granting the Insurers' motion for certification for interlocutory review and for a stay of the bankruptcy prceedings would thwart both of these objections. For this reason, and for the reasons discussed above, Insurers' motion is denied.

An appropriate Order accompanies this opinion.

Dated:       October 2, 2009                                          /s/      JOEL A. PISANO
                                                                                United States District Judge